**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CONRADO UDIEL LOPEZ-LOPEZ** | **CIVIL ACTION NO. 26-1861** |
| | **SECTION P** |
| **VS.** | **JUDGE JERRY EDWARDS, JR.** |
| **ANGEL WOLFE, ET AL.** | **MAG. JUDGE DAVID J. AYO** |

## ORDER AND REASONS

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending the Petition for Writ of Habeas Corpus be denied. (Doc. 8). Petitioner has objected to the R&R. (Doc. 9). After a *de novo* review of the record, the Court adopts the R&R as modified below.

**BACKGROUND**

Petitioner is a Guatemalan national.[1] In his Petition, he asserts that he entered the United States on or about August 27, 2007.[2] Petitioner and Respondents agree that Petitioner entered without inspection by an immigration officer.[3] Petitioner claims that he was "processed by DHS, placed into full § 240 proceedings, **released on bond**, and then lived in the United States for over seven years before being detained."[4] The parties agree that Petitioner was detained during a traffic stop on April 7, 2026.[5] Petitioner is currently in removal proceedings and has not received

[1] Doc. 1, p.1.
[2] Doc. 1, p.1.
[3] Doc. 1, p. 8; Doc. 7, p. 6.
[4] Doc. 1, p. 8; Doc. 9, p. 2. (emphasis added).
[5] Doc. 1, p. 2; Doc. 7, p. 6.

a final order of removal.[6]

Importantly, the record does not contain any evidentiary support for Petitioner's assertion that he was previously encountered by the government and released on bond. To the contrary, the evidence submitted by Respondents reflects that Petitioner had "no immigration petitions or applications pending" at the time he was detained.[7] Petitioner challenges his detention on statutory and due process grounds.[8]

**STATUTORY CHALLENGE**

The Court concurs with the statutory analysis of the Magistrate Judge and adopts it in full. Petitioner is not statutorily entitled to a bond hearing under 8 U.S.C. § 1225. See *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026).

**DUE PROCESS**

Based on the lack of evidence to confirm that Petitioner was previously released on bond, the Court concurs with the Magistrate Judge's analysis that Petitioner is not constitutionally entitled to a bond hearing for the reasons set forth in *Ford v. Ducote, et al,* 2020 WL 8642257, at *2-3 (W.D. La. Nov. 2, 2020). However, the Court declines to adopt the Magistrate Judge's procedural due process analysis. Accordingly,

---

[6] Doc. 7, p. 7.
[7] Doc. 7-1, p. 4.
[8] Doc. 1.

IT IS ORDERED, ADJUDGED, AND DECREED that Petitioner Conrado Udiel Lopez-Lopez's petition is **DENIED AND DISMISSED WITHOUT PREJUDICE**.

ALEXANDRIA, LOUISIANA, this 27th day of August, 2026.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE